IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIA LANE, as next friend of L.W., a minor child, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 13-cv-5386 |
| DUPAGE COUNTY SCHOOL DISTRICT 45, JANICE ROSALES, NANCY MUNOZ, LYNETTE GUARE, and FRED LEINWEBER, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff Tia Lane brings this action on behalf of her minor son, L.W., a former student at North Elementary School in Villa Park, Illinois. (R. 31, Second Amended Complaint ("Compl.") ¶ 1.) Plaintiff alleges that her son, who is African-American, was the victim of racially-motivated harassment, discrimination, and bullying during the 2011-2012 school year. (*Id.* ¶ 1-2.) Plaintiff asserts two counts against DuPage County School District 45 ("School District 45") for violation of Title VI of the Civil Rights Act of 1964 (Count I) and negligent supervision (Count III). Additionally, Plaintiff asserts one count against Defendants Janice Rosales, Nancy Munoz, Lynette Guare, and Fred Leinweber for racial discrimination in violation of 42 U.S.C. § 1983 (Count II). Defendants move to dismiss Count III of the Second Amended Complaint for negligent supervision against School District 45. (R. 33, Mot. to Dismiss.)[1] For the following

---

[1] Although School District 45 is the only Defendant with respect to Count III, Defendants have styled their motion to dismiss as "*Defendants'* Motion to Dismiss Count III of Plaintiff's Second Amended Complaint." (Mot. to Dismiss at 1 (emphasis added).) The Court, therefore, refers to Defendants, collectively, as having filed the motion to dismiss.

reasons, the Court grants Defendants' motion to dismiss Count III with prejudice in part and without prejudice in part.

## BACKGROUND

Plaintiff alleges the following facts in the Second Amended Complaint, which the Court assumes as true for purposes of Defendants' motion to dismiss. During the 2011-2012 school year, L.W. was a second-grade student at North Elementary School, one of several schools that School District 45 governs. (Compl. ¶¶ 1, 8.) Defendant Lynette Guare was L.W.'s second-grade teacher. (*Id.* ¶¶ 12-13.) Defendants Nancy Munoz and Fred Leinweber were the principal and vice-principal, respectively, of North Elementary School, and Defendant Janice Rosales served as the superintendent of School District 45. (*Id.* ¶¶ 9-11, 13.)

According to Plaintiff, "[d]uring the 2011-2012 school year, L.W. was the target of ongoing racially-motivated harassment from white students and Defendant Guare that went uncorrected and unaddressed by [School] District 45 and North Elementary School administration and faculty, including Defendants Munoz, Leinweber, and Rosales." (*Id.* ¶ 15.) Plaintiff provides several examples of this alleged harassment. Guare, for example, refused to allow Plaintiff to bring in treats for L.W.'s birthday (*id.* ¶ 16), wrote notes on L.W.'s assignments "denigrating his performance and implying that he was not trying hard enough" (*id.* ¶ 18), singled out L.W. for discipline by making him leave the classroom (*id.* ¶ 20), and "forcefully 'pushed' [L.W.] down into his chair" during class. (*Id.* ¶ 42.) Plaintiff alleges, on information and belief, that Guare mistreated other African-American students in a similar manner but did not mistreat white students in her class. (*See id.* ¶¶ 16, 19-20, 43.)

Plaintiff further alleges that School District 45 had notice of Guare's propensity for discriminatory conduct before the 2011-2012 school year. (*Id.* ¶ 83.) A parent of an African-

American student in one of Guare's previous classes complained to Vice-Principal Leinweber near the end of the 2010-2011 school year that Guare had "acted in a racially discriminatory manner toward her daughter and the other African American students in her daughter's class." (*Id.* ¶ 79.) According to Plaintiff, "[b]ased on her prior pattern of discriminatory behavior, Defendant Guare was unfit to teach African American students" (*id.* ¶ 88), and School District 45 "consciously disregarded [Guare's] history of discriminatory behavior when it placed L.W. and the other African-American students in her class." (*Id.* ¶ 83.)

Plaintiff asserts three claims in the Second Amended Complaint: (1) violation of Title VI of the Civil Rights Act against School District 45; (2) race discrimination in violation of 42 U.S.C. § 1983 against Defendants Guare, Munoz, Leinweber, and Rosales; and (3) negligent supervision against School District 45. Defendants move to dismiss only Count III for negligent supervision. (R. 33.) The Court has federal question jurisdiction over Counts I and II, *see* 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over Plaintiff's state-law claim for negligent supervision in Count III. *See* 28 U.S.C. § 1367.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Id*. Put differently, a complaint

must contain sufficient factual content "to allow the court 'to draw a reasonable inference that the defendant is liable for the misconduct alleged.'" *Charleston v. Board of Trs. of Univ. of Ill. at Chicago,* --- F.3d ---, 2013 WL 6698052, at *2 (7th Cir. Dec. 20, 2013) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013).

## ANALYSIS

Defendants move to dismiss Count III on three grounds. First, Defendants argue that Count III fails to state a claim upon which relief can be granted. (*See* Mot. to Dismiss at Argument ¶¶ 1-8; *see also* R. 34, Defs. Mem. at 4-6.) Second, Defendants argue that School District 45 is immune from liability on Count III under Illinois's Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act"), 745 ILCS 10/101 *et seq.*, and section 24-24 of the Illinois School Code. (*See* Mot. to Dismiss ¶¶ 9-11; Defs. Mem. at 6-10.) Third, Defendants argue that Count III is time-barred pursuant to the Tort Immunity Act's one-year statute of limitations for civil actions against local governmental entities. (*See* Mot. to Dismiss ¶ 12; Defs. Mem. at 11.) The Court addresses Defendants' immunity arguments first because, as explained below, the Tort Immunity Act affects the pleading requirements for Count III.

I.  **Immunity for Discretionary Policy Decisions**

Defendants argue that sections 2-109 and 2-201 of the Tort Immunity Act grant immunity to School District 45 for injuries that result from its employees' exercise of discretion in determining policy. (Defs. Mem. at 6-9.) "[T]he Tort Immunity Act governs whether and in what situations local governmental units [in Illinois] are immune from civil liability." *Harinek v.*

*161 N. Clark St. Ltd. P'ship,* 181 Ill. 2d 335, 340, 230 Ill. Dec. 11, 14, 692 N.E.2d 1177, 1180 (Ill. 1998). The Act is in derogation of common law, and courts, therefore, must strictly construe it against the public entities involved. *See Van Meter v. Darien Park Dist.,* 207 Ill. 2d 359, 368, 278 Ill. Dec. 555, 561, 799 N.E.2d 273, 279 (Ill. 2003). "Unless an immunity provision applies, municipalities are liable in tort to the same extent as private parties." *Hascall v. Williams,* 2013 IL App (4th) 121131 ¶ 19, 375 Ill. Dec. 112, 118, 996 N.E.2d 1168, 1175 (Ill. App. Ct. 2013) (quoting *Van Meter,* 207 Ill. 2d at 368-69, 278 Ill. Dec. 555, 799 N.E.2d 273).

Section 2-201 of the Tort Immunity Act provides that "[e]xcept as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." 745 ILCS 10/2-201. Additionally, under section 2-109 of the Act, "[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." *Id.* at 10/2-109. The discretionary immunity that section 2-201 provides, therefore, applies to governmental entities as well as their individual employees. *See Murray v. Chicago Youth Ctr.,* 224 Ill. 2d 213, 229, 309 Ill. Dec. 310, 319-20, 864 N.E.2d 176, 185-86 (Ill. 2007); *Arteman v. Clinton Cmty. Unit Sch. Dist. No. 15,* 198 Ill. 2d 475, 484, 261 Ill. Dec. 507, 513-14, 763 N.E.2d 756, 762-63 (Ill. 2002).

For discretionary immunity to attach, the employee's act or omission that caused the injury at issue must constitute "both a determination of policy and an exercise of discretion." *Harrison v. Hardin Cnty. Cmty. Unit Sch. Dist. No. 1,* 197 Ill. 2d 466, 471, 259 Ill. Dec. 440, 444, 758 N.E.2d 848, 852 (Ill. 2001); *Harinek,* 181 Ill. 2d at 341, 230 Ill. Dec. at 15, 692 N.E.2d at 1181. Policy determinations are "those that require the governmental entity or employee to

5

balance competing interests and to make a judgment call as to what solutions will best serve each of those interests." *Harrison,* 197 Ill. 2d at 472, 259 Ill. Dec. at 444, 758 N.E.2d at 852. With respect to the exercise of discretion element, courts have distinguished between "discretionary duties, the negligent performance of which does not subject a municipality to tort liability, and ministerial duties, the negligent performance of which can subject a municipality to tort liability." *Id.* (internal quotations and citations omitted). As a general matter, discretionary acts are "unique to a particular public office, while ministerial acts are those which a person performs on a given state of facts in a prescribed manner, in obedience to the mandate of legal authority, and without reference to the official's discretion as to the propriety of the act." *Id.* The Illinois Supreme Court has recognized repeatedly that "the distinction between discretionary and ministerial functions resists precise formulation and that the determination whether acts are discretionary or ministerial must be made on a case-by-case basis." *Van Meter,* 207 Ill. 2d at 371, 278 Ill. Dec. at 563, 799 N.E.2d at 280 (quoting *Snyder v. Curran Township,* 167 Ill. 2d 466, 474, 212 Ill. Dec. 463, 657 N.E.2d 988 (Ill. 1995)).

Discretionary immunity under the Tort Immunity Act is an affirmative defense for which Defendants bear the burden of proof. *See, e.g., Doe 20 v. Board of Edu. of Cmty. Unit Sch. Dist. No. 5,* 680 F. Supp. 2d 957, 988 (C.D. Ill. 2010) (citing *Albers v. Breen,* 346 Ill. App. 3d 799, 806, 282 Ill. Dec. 370, 806 N.E.2d 667 (Ill. App. Ct. 2004)); *McDonald v. Camarillo,* No. 10 C 1233, 2010 WL 4483314, at *2 (N.D. Ill. Nov. 1, 2010); *Hogan v. Smith,* No. 11-961-GPM, 2012 WL 1435402, at *3 (S.D. Ill. Apr. 25, 2012). Accordingly, the issue before the Court is whether the allegations in the Second Amended Complaint establish as a matter of law that discretionary immunity bars Count III. *See McDonald,* 2010 WL 4483314, at *2; *Patton v. Chicago Heights,* No. 09 C 5566, 2010 WL 1813478, at *3 (N.D. Ill. May 3, 2010) (citing *Van*

*Meter,* 207 Ill. 2d at 379, 278 Ill. Dec. 555, 799 N.E.2d at 285); *see also United States v. Lewis,* 411 F.3d 838, 842 (7th Cir. 2005) (holding that dismissal on the grounds of an affirmative defense is appropriate where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense").

Defendants argue that section 2-201 immunizes School District 45 from liability on Count III because the School District's supervision of Guare and the manner in which it responded to reports of her alleged conduct toward African-American students "are discretionary policy decisions requiring a balancing of many different competing interests." (Defs. Mem. at 8.) The Court, however, cannot determine from the allegations in the Second Amended Complaint whether School District 45's supervision of Guare required both a determination of policy and an exercise of discretion. "Though both are often involved in supervising employees, this is not enough to require dismissal. Rather, the complaint must 'plainly reveal' 'everything necessary to satisfy the affirmative defense.'" *McDonald,* 2010 WL 4483314, at *2 (quoting *Lewis,* 411 F.3d at 842); *see also Patton,* 2010 WL 1813478, at *3 (denying motion to dismiss on the basis of discretionary immunity because "while intuitively, it would seem that the training of police officers would require discretion and involve policy determinations, cases are not to be decided on the basis of intuition"); *Hogan,* 2012 WL 1435402, at *3 (denying motion to dismiss because "[t]he act of training and supervision in question could easily be ministerial rather than discretionary, and [the defendants] do no point to any allegations in the complaint to contradict this possibility"); *Doe 20,* 680 F. Supp. 2d at 991 ("[T]he Court does not believe it clear that § 2-201 immunity applies to the failure to supervise claims. . . . A more developed record is needed regarding both the *type of position* held by the employee and *the type of actions* performed or omitted by the employee." (emphasis in original) (internal quotations and citations omitted));

7

*Salgado v. Doe,* No. 08 C 2878, 2009 WL 2972477, at *3 (N.D. Ill. Sept. 10, 2009) (denying motion to dismiss because determination of immunity under section 2-201 "is a fact intensive inquiry that must be decided on a case-by-case basis" (internal quotations and citations omitted)).

Defendants assert that "the lack of allegations that District 45's supervision of Ms. Guare . . . was ministerial in nature demonstrates that these acts were discretionary." (Defs. Mem. at 8.) Plaintiff, however, need not anticipate affirmative defenses and include factual allegations in her complaint to rebut those defenses to survive a motion to dismiss. *See Lewis,* 411 F.3d at 842; *Patton,* 2010 WL 1813478, at *3-4. Because the allegations in the Second Amended Complaint do not allow the Court to decide whether discretionary immunity applies to School District 45's supervision of Guare, the Court denies Defendants' motion to dismiss on the basis of sections 2-201 and 2-109 of the Tort Immunity Act.

## II. Immunity for Negligent Supervision Claim Based on Ordinary Negligence

Section 3-108 of the Tort Immunity Act immunizes local public entities and public employees from liability for injuries incurred during their supervision of (or failure to supervise) activities on public property or the use of public property, unless they are guilty of "willful and wanton conduct." *See* 745 ILCS 10/3-108(a)-(b). The Tort Immunity Act defines "willful and wanton conduct" as "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." 745 ILCS 10/1-210. Section 24-24 of the Illinois School Code, which confers on educators *in loco parentis* status in matters relating to the supervision of school activities, similarly immunizes educators against claims of negligent supervision, but not claims of willful and wanton misconduct. *See* 105 ILCS 5/24-24; *see also Henrich v.*

*Libertyville High Sch.,* 186 Ill. 2d 381, 388-89, 238 Ill. Dec. 576, 580-81, 712 N.E.2d 298, 303-04 (Ill. 1998).

Because School District 45 is immune from liability for negligent supervision, the Court dismisses Count III to the extent it asserts a failure to supervise claim based on ordinary negligence. The Court's inquiry, however, does not end there; before determining whether to dismiss Count III in its entirety, the Court must determine whether Plaintiff has stated a claim for willful and wanton misconduct in supervising or failing to supervise Guare. To state a claim for willful and wanton misconduct, which is an aggravated form of negligence under Illinois law, a plaintiff must plead the basic elements of a negligence claim *and* "either a deliberate intention to harm or a conscious disregard for the plaintiff's welfare." *Jane Doe-3 v. McLean Cnty. Unit Dist. No. 5 Bd. Of Directors,* 2012 IL 112479 ¶ 19, 362 Ill. Dec. 484, 491, 973 N.E.2d 880, 887 (Ill. 2012); *see also Doe v. Dimovski,* 336 Ill. App. 3d 292, 300, 270 Ill. Dec. 618, 625, 783 N.E.2d 193, 200 (Ill. App. Ct. 2003).

Defendants argue that although Plaintiff uses the words "willfully and wantonly" in the Second Amended Complaint, "such conclusory statements, without more, do not establish the elements of willful and wanton conduct under Illinois law." (Defs. Mem. at 9-10.) Plaintiff, for her part, asserts that "[t]he allegations in the Second Amended Complaint are more than sufficient to demonstrate willful and wanton conduct . . . ." (Pl. Resp. Br. at 12.) The Court agrees with Defendants.

Plaintiff relies on conclusory allegations that School District 45 "consciously disregarded [Guare's] history of discriminatory behavior" (*see* Compl. ¶ 83) and "acted willfully and wantonly by deliberately ignoring Defendant Guare's past behavior" (*id.* ¶ 86), but she fails to plead what discriminatory behavior Guare allegedly engaged in before the 2011-2012 school

year. Even with respect to Plaintiff's allegations that a parent reported Guare's discriminatory conduct to Vice-Principal Leinweber at the end of the previous school year, Plaintiff fails to allege any information regarding the conduct that the parent reported. In her response brief, Plaintiff argues that her allegation that Guare's behavior was so disturbing that the parent demanded the school not place her younger child in Guare's class is sufficient to plead willful and wanton conduct. (*See* Pl. Resp. Br. at 12.) Pleading the parent's demands, however, is not a substitute for pleading Defendant Guare's conduct that School District 45 allegedly "consciously disregarded." Without even minimal information about Guare's alleged past conduct, the Second Amended Complaint fails to allege that School District 45's failure to act based on that conduct amounts to "a conscious disregard for the plaintiff's welfare." *See Jane Doe-3,* 2012 IL 112479 ¶ 19, 362 Ill. Dec. at 491, 973 N.E.2d at 887.

To be clear, Plaintiff need not plead Guare's alleged previous behavior in great detail. She need not plead, for example, "specific descriptions of the alleged [reports of Guare's past behavior], precise dates of [those] reports, or . . . evidence that Defendant Leinweber or District 45 actually received and investigated said complaints prior to the 2011-2012 school year," as Defendants contend. (*See* Defs. Mem. at 6.) Plaintiff, however, must allege facts—not just "labels and conclusions" or "a formulaic recitation of the elements" of her claim—to state a plausible claim for willful and wanton supervision. *See Iqbal,* 556 U.S. at 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868. Plaintiff has failed to do so. The Court, therefore, dismisses Count III without prejudice. Plaintiff may file a Third Amended Complaint consistent with this Opinion by February 28, 2014.[2]

---

[2] Because the Court holds that Plaintiff cannot assert a negligent supervision claim based on ordinary negligence and that Count III fails to plead sufficient facts to state a negligent supervision claim based on wanton and willful misconduct, the Court need not address Defendants' Rule 12(b)(6) argument. (*See* Defs. Mem. at 4-6.)

### III.  Statute of Limitations

Defendants argue that the one-year statute of limitations in section 8-101 of the Tort Immunity Act bars Count III because the discriminatory conduct at issue took place during the 2011-2012 school year and Plaintiff did not bring this suit until more than a year after the end of that school year.  (*See* Defs. Mem. at 11 (citing 745 ILCS 10/8-101).)  As Plaintiff points out, however, a long line of cases holds that the limitations period in section 8-101 does not apply to claims brought by or on behalf of minors.  *See, e.g., McKinnon v. Thompson,* 325 Ill. App. 3d 241, 244, 259 Ill. Dec. 193, 196, 758 N.E.2d 316, 319 (Ill. App. Ct. 2001); *Bertolis v. Cmty. Unit Sch. Dist. No. 7,* 283 Ill. App. 3d 874, 876, 219 Ill. Dec. 414, 415 671 N.E.2d 79, 80 (Ill. App. Ct. 1996); *Halper v. Vayo,* 210 Ill. App. 3d 81, 86-87, 154 Ill. Dec. 693, 696, 568 N.E.2d 914, 917 (Ill. App. Ct. 1991); *Fanio v. John W. Breslin Co.,* 51 Ill. 2d 366, 369, 282 N.E.2d 443, 445 (Ill. 1972) (citing *Haymes v. Catholic Bishop of Chi.,* 33 Ill. 2d 425, 427-28, 211 N.E.2d 690 (Ill. 1965), and *Wills v. Metz,* 89 Ill. App. 2d 334, 336, 231 N.E.2d 628 (Ill. 1967)); *see also* 735 ILCS 5/13-211 ("[I]f a person entitled to bring an action . . . at the time the cause of action is accrued, is under the age of 18 years, . . . then he or she may bring the action within [two] years after the person attains the age of 18 years . . . .").  The Court, therefore, rejects Defendants' argument that the one-year statute of limitations in the Tort Immunity Act bars Plaintiff's claim.

### CONCLUSION

For the reasons stated above, the Court grants Defendants' motion to dismiss Count III of the Second Amended Complaint.  The Court dismisses Count III with prejudice to the extent Plaintiff bases her claim for negligent supervision on ordinary negligence and without prejudice to the extent Plaintiff bases her claim on willful and wanton misconduct.  Plaintiff, if she chooses

to replead her negligent supervision claim, shall file a Third Amended Complaint consistent with this Opinion by February 28, 2014.

DATED: February 10, 2014    ENTERED

_____
AMY J. ST. EVE
U.S. District Court Judge